UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

KIMBERLY BROWN,

                Plaintiff,

       v.

DIVERSIFIED MAINTENANCE SYSTEMS, LLC,

                Defendant.

───────────────────────────────

DECISION AND ORDER
16-CV-230

## INTRODUCTION

Plaintiff Kimberly Brown filed this personal injury action in New York State Supreme Court, County of Erie, on May 21, 2015. *See* Docket Item 1 at 1 (¶ 2); Docket Item 1-2. Defendant Diversified Maintenance Systems, LLC, filed a Notice of Removal in this Court on March 17, 2016. *See* Docket Item 1. The defendant asserted that "this Court possesses jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) based upon complete diversity of citizenship." *Id.* at 2 (¶ 10). The plaintiff then moved to remand, arguing that the "Notice of Removal fails to allege facts sufficient to show the existence of complete diversity of citizenship." Docket Item 5-1 at 4. In response, the defendant cross-moved to amend the Notice of Removal. *See* Docket Item 8.

For the reasons set forth below, the plaintiff's motion to remand (Docket Item 5) is GRANTED. The defendant's cross-motion to amend (Docket Item 8) is DENIED because the proposed amendment would not remedy the defects in the Notice of Removal.

**THE PARTIES' MOTIONS**

In its Notice of Removal, the defendant described its citizenship as follows:

> Pursuant to 28 U.S.C. § 1332(c)(1), a corporation shall be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business.  Defendant is incorporated in the State of Delaware, with its corporate headquarters located in Tampa, Florida.

Docket Item 1 at 2 (¶ 9).

In her motion to remand, the plaintiff argued that the defendant – actually a limited liability company – failed to apply the "law governing the citizenship of limited liability companies and, instead, erroneously use[d] the test for determining the citizenship of a corporation."  Docket Item 5-1 at 1 (emphasis removed).  The plaintiff's argument was correct: The law is clear that a limited liability company takes the citizenship of each of its members.  *See Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship,* 213 F.3d 48, 51-52 (2d Cir. 2000); *Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010).

After the plaintiff's motion papers apprised the defendant of the defendant's error, the defendant explained that it had "inadvertently employed the citizenship test for a corporation" – instead of for a limited liability company – due to a "clerical error."  Docket Item 8-1 at 3 (¶ 16).  Arguing that "[s]uch a technical defect is curable by amendment," *see id.*, the defendant cross-moved to amend the Notice of Removal.  Docket Item 8. The defendant attached to its motion a proposed Amended Notice of Removal stating that:

> Defendant is a limited liability company with its sole member being Diversified Maintenance Systems Holdings, LLC, whose members were

. . . not citizens of New York at the time of the commencement of this
action in state court or at the time of removal.

Docket Item 8-9 at 3 (¶ 11).

The defendant also submitted the Affirmation of its General Counsel, Andrea
Kiehl, Esq., which attached a "redacted version of the 'Schedule of Unitholders,' listing
the members of Diversified Maintenance Systems Holdings, LLC, which in turn is the
sole member of the defendant, a limited liability company."  Docket Item 8-12 at 1 (¶ 2).
Ms. Kiehl also stated that she is "familiar with the unitholders listed" on that document
and that "none of them were citizens of New York at the time of the commencement of
this action in state court or at the time of removal."  *Id.* (¶ 3).

In her response to the cross-motion, the plaintiff now argues that "[e]ven with the
benefit of Plaintiff's motion to remand identifying the specific defects in Defendant's
Notice of Removal, the Amended Notice fails to cure the deficiencies" and "fails to prove
that Defendant is a non-New York citizen."  Docket Item 10 at 16.  Claiming that the
defendant now has made two unsuccessful attempts to establish its right to a federal
forum, the plaintiff argues that "remand is warranted."  *Id.*  The Court agrees.

## DISCUSSION

"On a motion to remand, the party seeking to sustain the removal, not the party
seeking remand, bears the burden of demonstrating that removal was proper."  *Hodges
v. Demchuk,* 866 F.Supp. 730, 732 (S.D.N.Y.1994) (citing *R.G. Barry Corp. v.
Mushroom Makers, Inc.,* 612 F.2d 651, 655 (2d Cir.1979) ("the burden falls squarely
upon the removing party to establish its right to a federal forum by competent proof"));
*see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled

that the party asserting federal jurisdiction bears the burden of establishing

jurisdiction."). Thus, "the party seeking remand is presumed to be entitled to it unless

the removing party can demonstrate otherwise." *Bellido-Sullivan v. Am. Int'l Grp., Inc.*,

123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000). "Any doubts as to removability should be

resolved in favor of remand." *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477

(S.D.N.Y. 2001) (citing *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1046 (2d

Cir. 1991)).

Without question, the original Notice of Removal (Docket Item 1) was defective.

The defendant tried to remedy that defect with its proposed Amended Notice of

Removal (Docket Item 8-9) and the information submitted in support of the cross-motion

to amend. But the defendant's attempt to fix the problem still is insufficient.

"In cases where jurisdiction depends upon the citizenship of the parties, such

citizenship . . . should be distinctly and positively averred in the pleadings" or "should

appear affirmatively, and with equal distinctness, in other parts of the record."

*Robertson v. Cease*, 97 U.S. 646, 649 (1878). In a related context, the United States

Court of Appeals for the Seventh Circuit explained how a limited liability company

should go about doing that:

> We hope to make it clear once and for all (if such a wish for finality were
> possible) that an appellant's naked declaration that there is diversity of
> citizenship is never sufficient. . . . In this case, Guardsmark was, at the
> time of removal, a limited liability company. For diversity jurisdiction
> purposes, the citizenship of an LLC is the citizenship of each of its
> members. *Camico Mut. Ins. Co. v. Citizens Bank,* 474 F.3d 989, 992 (7th
> Cir. 2007). Consequently, an LLC's jurisdictional statement must identify
> the citizenship of each of its members as of the date the complaint or
> notice of removal was filed, and, if those members have members, the
> citizenship of those members as well.

*Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533-34 (7th Cir. 2007); *see Delay v. Rosenthal Collins Grp., LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company."); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("a party must list the citizenships of all the members of the limited liability company"); *Prospect Funding Holdings, LLC v. Fennell*, No. 15 Civ. 4176(LLS), 2015 WL 4477120, at *2 (S.D.N.Y. July 15, 2015) (collecting New York district court decisions holding that a limited liability company must "plead facts establishing their citizenship including, . . . the identity and citizenship of their members" in order to invoke diversity jurisdiction); *see also Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

Here, the defendant never affirmatively states its citizenship in its proposed Amended Notice of Removal or any of its motion papers.  Instead, it offers only conclusory negative assertions:  that it "is not a citizen of New York," *see, e.g.,* Docket Item 8-14 at 2, 10; Docket Item 8-1 at 4 (¶¶ 21-22), and that the members of its sole member – which also is a limited liability company – "were likewise not citizens of New York," *see, e.g.* Docket Item 8-9 at 3 (¶ 11); Docket Item 8-1 at 4 (¶ 21).  In light of the case law cited above, that is not good enough.

Ms. Kiehl's Affirmation and the "Schedule of Unitholders" are likewise unhelpful. In fact, the redacted "Schedule of Unitholders" contains no information whatsoever except for a list of addresses.  *See* Docket Item 8-13.  It does not name or identify any

of the members of the defendant's sole member, *see id.,* nor does it even suggest

whether the addresses – which seem to be business addresses – correspond to

individuals, corporations, or other limited liability companies.  Essentially, the defendant

asks the Court to take its and its counsel's word that whoever – or whatever – lives,

works, or perhaps has its headquarters at each of the listed addresses is not a citizen of

New York.  *See* Docket Item 8-12 at 1 (¶ 3).

As numerous federal courts have held, submissions such as the defendant's

here are insufficient to establish diversity jurisdiction – especially after a plaintiff or a

court has raised questions about whether there is complete diversity of citizenship.

*See, e.g., ESPN, Inc. v. N. Pole, Ltd.*, No. 08-CV-9483(CM), 2009 WL 176624, at *2

(S.D.N.Y. Jan. 22, 2009) ("[N]either the Answer nor any of the papers filed in opposition

to the motion to remand reveals who the constituent members of [defendant LLC] are

. . . .  Therefore, the court cannot determine whether diversity of citizenship exists.");

*Tschakert v. Hart Energy Publ'g, LLLP*, Civil No. 10CV2598-L(WMC), 2011 WL 52598,

at *1 (S.D. Cal. Jan. 6, 2011) ("Plaintiff alleges in a conclusory manner that each of the

members is not a Massachusetts citizen, and therefore not a citizen of Plaintiff's state.

In the absence of stating the citizenship of each member of these Defendants, Plaintiff

failed to adequately allege citizenship."); *Jud Enterprises, Inc. v. Lexington Ins. Co.*,

Civil Action No. 3:10-CV-2140, 2010 WL 4259613, at *2 (M.D. Pa. Oct. 21, 2010) ("The

conclusory allegation that Lexington is not a citizen of Pennsylvania is insufficient to

meet the defendant's burden on removal of showing complete diversity."); *Fontan v.*

*Mucciolo*, Cause No. 1:10CV42 LG-RHW, 2010 WL 1528508, at *1 (S.D. Miss. Apr. 14,

2010) (remanding "[b]ecause the Notice of Removal does not allege the citizenship of

[defendant limited liability company's] members"); *N. Star Grain Int'l, LLC v. Hyundai Syscomm Corp.*, Civil No. 09-617(JNE/AJB), 2009 WL 1290228, at *2 (D. Minn. May 11, 2009) ("North Star's conclusory assertion that none of the members of North Star Rail Intermodal is a citizen of California does not establish that the parties are diverse."); *Newport Prop. Investments, LLC v. Wilson*, No. CV 08-6465-VBF(RCX), 2008 WL 4793111, at *1 (C.D. Cal. Nov. 3, 2008) ("Defendant does not allege the *citizenship* of the members of Newport Property Investments, LLC. . . .  Accordingly, Defendant's response to the OSC is inadequate.") (emphasis in original); *Tolemac, LLC v. Jackson*, No. 02 C 594, 2002 WL 239635, at *1 (N.D. Ill. Feb. 19, 2002) ("conclusory characterization that contains . . . no identification of each of the members themselves coupled with the necessary information as to the members' respective states of citizenship-does not suffice"); *see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-26 (1st Cir. 2011) ("[A]ttempt[ ] to establish diversity in the negative" with affidavit claiming that "according to the Fund's records, there were no members of the limited liability company who were citizens of Rhode Island" was "insufficient to invoke diversity jurisdiction under 28 U.S.C. § 1332.")

Moreover, the defendant's attempt to avail itself of a federal forum while keeping confidential the members of Diversified Maintenance Systems Holdings, LLC, is not well taken.  *See Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 694 (7th Cir. 2003) ("[N]o entity that claims confidentiality for its members' identities and citizenships is well situated to assert that it could believe, in good faith, that complete diversity has been established."); *Master v. Quiznos Franchise Co.*, Civil Action No. 06-4253(MLC), 2007 WL 419287, at *2-3 (D.N.J. Feb. 1, 2007) ("asserting confidentiality

7

for the members" of removing defendants "is unacceptable") (quoting *Belleville, supra*); *see also Emerald Inv'rs Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 207 n.22 (3d Cir. 2007) ("It appears that Reckson attempts to keep the identity of its limited partners confidential insofar as possible.  Obviously, however, the district court must know who they are and where they are citizens and its need for that information will trump Reckson's policies.").

For those reasons, the defendant has failed to carry its burden.  The next question is whether this Court should give the defendant a third opportunity to do so. While other courts have given litigants multiple chances, including in some of the cases cited above, they were not obligated to do so.  As another district court recently stated when remanding a case, "[the defendant] has had two opportunities to properly allege diversity jurisdiction – in its notice of removal, and then in its Jurisdictional Addendum – and it will not be given a third."  *Kroll v. Ceva Freight, LLC*, 13 C 8651, 2014 WL 43641, at *2-3 (N.D. Ill. Jan. 6, 2014).  "[I]t is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme.  Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear."  *Id.* (quoting *Guar. Nat. Title Co. v. J.E.G. Associates*, 101 F.3d 57, 59 (7th Cir. 1996)).

## CONCLUSION

Because the defendant failed to adequately allege or establish subject matter jurisdiction – both in its Notice of Removal and in its attempt to remedy the defect – the Court GRANTS the plaintiff's motion to remand (Docket Item 5).  The Court has

8

considered the defendant's cross-motion to amend (Docket Item 8), which is DENIED because the proposed amendment would not correct the deficiencies noted explicitly in the plaintiff's motion to remand.  The Court does not reach the plaintiff's alternative arguments for denying the defendant's cross-motion.

The Court also denies the plaintiff's request for attorney's fees under 28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  This Court declines to grant attorney's fees here given defense counsel's candor in admitting an error and making an attempt – albeit an unsuccessful one – to remedy the defects in the cross-motion to amend.

SO ORDERED.

Dated:    June 9, 2016
          Buffalo, New York

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATED DISTRICT JUDGE